**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BHUPAL SINGH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-1620-R** |
| ) | |
| **CHRIS GANTT, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## REPORT AND RECOMMENDATION

Petitioner Bhupal Singh, a citizen of India proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1]  (Doc. 1).[2]  United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 3).  In accordance with the expedited briefing schedule, (Doc. 9), Respondents timely filed a Response.[3] (Doc. 11).  Petitioner did not file a Reply.  As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention

---

[1] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 4).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[3] The response was filed by Respondents David J. Venturella, Markwayne Mullin, and Todd Blanche only.  (Doc. 11, at 2).  The undersigned refers to these respondents as "Respondents" in this Report and Recommendation.

without a bond hearing violates the Immigration and Nationality Act ("INA").  The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I.    Factual Background

Petitioner is a citizen of India who entered the United States on or about April 30, 2021, as a crewmember with authorization to remain in the United States until his ship left port, for a temporary period not to exceed May 6, 2021.  (Doc. 1, at Ex. 1, at 2).  Petitioner then remained in the United States beyond May 6, 2021, without authorization.  (*Id.*)  On October 4, 2021, Petitioner filed an Application for Asylum and Withholding of Removal.  (Doc. 11, at Ex. 1, at 1).  Petitioner was detained on June 17, 2026, with an administrative warrant, by ICE at a mandatory Oklahoma commercial vehicle weigh station and inspection checkpoint.  (Doc. 1, at 2; Doc. 11, at Ex. 2, at 1).  On the same date, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he has been admitted to the United States, but is removable because he remained in the United States longer than permitted.  (Doc. 1, at Ex. 1, at 2).  Petitioner's removal proceedings are ongoing.  *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed July 31, 2026).

Respondents assert that Petitioner has not requested a bond hearing in the Immigration Court.  (Doc. 11, at 5-6).

## II.    Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1.    A violation of his Fifth Amendment right to due process.  (Doc. 1, at 15-17).

2.      A violation of the INA because he is being wrongfully detained under 8 U.S.C. 1225(b).  (*Id*. at 17-19).

3.      A violation of the Fourth Amendment's protection against unreasonable searches and seizures – in this case an alleged warrantless seizure. (*Id.* at 19-20).

As relief Petitioner requests immediate release from custody.  (*Id*. at 20).  He also seeks a declaration that his seizure and detention violate the Fifth Amendment, the INA, and the Fourth Amendment.  (*Id.*)  He additionally seeks a declaration that his detention, if authorized, is governed by 8 U.S.C. § 1226(a).  (*Id.*)  He requests an order enjoining Respondents from taking him back into custody absent lawful statutory authority and constitutionally adequate process.  (*Id.*)  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4]  (*Id.*)

Respondents assert "that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), making him eligible for a [bond] hearing in the Immigration Court at which he may, if he qualifies, be ordered released on bond, but he has not requested such a hearing in that forum."[5]  (Doc. 11, at 2).  They acknowledge the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), and while they assert "the facts and circumstances of this case may not align precisely with" the facts in that case, the

---

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

[5] Respondents contend this position is shared by the Office of the Principal Legal Advisor for the Department of Homeland Security and ICE.  (Doc. 11, at 3-4).

decision "suggests a way forward." (Doc. 11, at 6). They assert that "this Court may order the Federal Respondents to provide Petitioner a prompt bond hearing or release him." (*Id.* at 7). And, if a bond hearing is granted, they argue the Court should not rule further. (*Id.*) The Respondents also assert that Petitioner's Fourth Amendment claim is not properly presented in this habeas action. (*Id.* at 8-10).

## III.     Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.     Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

The parties agree that 8 U.S.C. § 1226(a) governs Petitioner's detention. This provision provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[6] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to §

---

[6] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. *Id*. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA"). *Id*. § 236.1(d)(3).

1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. Because the petitioner was subject to § 1226(a) but had not received a bond hearing, the court found that a bond hearing was the appropriate remedy. *Id.* at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

The undersigned concludes that Petitioner is subject to detention under § 1226(a) but has not been provided with a bond hearing as provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[7]

## V.   Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

---

[7] Because the undersigned recommends granting habeas relief on the basis of Petitioner's INA claim, it is unnecessary to address his due process claim or Fourth Amendment claim. The undersigned notes, however, that at least part of Petitioner's Fourth Amendment claim was based on his alleged warrantless arrest. But Respondents supplied a Warrant for Arrest of Alien that was served on Petitioner on June 17, 2026. (Doc. 11, at Ex. 2, at 1).

5

**The Court advises the parties of their right to object to this Report and Recommendation by August 7, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[8]  The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 31st day of July, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").